14664

SANDERS *ET AL.* v. TEXTILE WORKERS ORGANIZING COMMITTEE *ET AL.*

(196 S. E., 543)

*Messrs. G. W. Freeman, Jr.,* and *N. W. Edens,* for appellants,

*Messrs. Stevenson & Lindsay* and *John W. Crews,* for respondent Textile Workers Organizing Committee,

*Mr. D. D. Carroll,* for respondent, Marlboro Cotton Mill.

April 11, 1938.

*Per curiam.*

The order of Judge Dennis, which will be reported, sufficiently states the purpose of this action. The one exception of the appellants, plaintiffs below, is as follows: "That his Honor committed error in sustaining the demurrer to the complaint and in refusing the restraining orders as requested therein."

The action was brought under Section 566 of the ▇ Code of 1932; and it is conceded that injunctive relief thereunder cannot be demanded as a matter of right, but is a matter that rests in the sound discretion of the Judge to whom application is made therefor. The contention is that the appellants, under the facts alleged in the complaint, are entitled to the equitable relief which they seek, and that, therefore, the Circuit Judge erred in the exercise of his discretion.

. We do not think so. It appears to be admitted that the contract of employment referred to in the circuit order, and which is made a part of the complaint, was legally entered into, and that the defendant, Textile Workers Organizing Committee, was duly authorized to make such contract with the management of the Marlboro Cotton Mills No. 5. The plaintiffs do not ask for the cancellation of this contract or for the revocation of the authority of the Textile Workers Organizing Committee to act for the employees.

The complaint contains no allegation that the appellants are without an adequate remedy at law, and no facts are stated, such as insolvency of the defendants, which would tend to show this to be true. As to any irreparable loss that the plaintiffs might suffer, and which is necessary to be shown in order to obtain the injunctive relief sought, counsel for appellants refer to certain allegations of the complaint, and argue that they "are sufficient to establish that the plaintiffs are about to suffer irreparable injury and damage." From a careful analysis of these allegations, however, we

are convinced that such a conclusion is not justified under the facts alleged. As set out in the agreed statement of counsel, the sole purpose of this suit was to obtain injunctive relief; and the Circuit Judge was undoubtedly correct in concluding that the facts stated in the complaint are not sufficient to constitute a cause of action for such relief. It may not soundly be held, therefore, liberally construing the complaint as we should, that Judge Dennis abused his discretion. There is reserved to the appellants by the Court's order the right to amend their complaint, if they be so advised; and this they may now do.

The order appealed from is affirmed.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES BONHAM, BAKER and FISHBURNE concur.

MR. JUSTICE CARTER did not participate on account of illness.